BRIAN J. STRETCH (CABN 163973)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
MICHELLE LO (NYBN 4325163)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7180
    Facsimile:  (415) 436-6748
    Email:  Michelle.Lo@usdoj.gov

Attorneys for Defendant

DAVID AZIZI (CABN 198803)
Law Offices of David Azizi
8383 Wilshire Boulevard, Suite 950
Beverly Hills, CA 90211
Telephone: (310) 284-9600
Facsimile: (888) 400-8944
Email:  david@azizipersonalinjury.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALVIN JOE WESLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA; DARYL A. TRUJILLO; MORGAN E. COSEU; AND DOES 1 to 50, inclusive,<br><br>    Defendants. | Case No. 15-cv-3618-MEJ<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |

It is hereby stipulated by and between the undersigned Plaintiff, Alvin Joe Wesley ("Plaintiff"), and Defendant, United States of America ("Defendant" or "United States of America"), by and through their respective attorneys, as follows:

WHEREAS, Plaintiff filed the above-captioned action on August 7, 2015;

STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER
CASE NO. 15-CV-3618-MEJ

1

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, and which have transpired prior to the execution of this Stipulation and Agreement of Compromise and Settlement ("Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, including but not limited to the United States Postal Service, and/or its current and former agents, servants, employees, and attorneys.

3. **Settlement Amount**. In settlement of this action, the parties agree that the United States of America (1) will pay Plaintiff eighteen thousand four hundred eighty-nine dollars and twenty-three cents ($18,489.23) and (2) will waive its first lien of twenty-four thousand and ten dollars and seventy-seven cents ($24,010.77) upon any settlement or judgment rendered in favor of Plaintiff for recovery of all insurance benefits paid to or on behalf of Plaintiff by The Hartford and/or Coalition for Elders Independence ("Settlement Amount"). This sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now has or may hereafter acquire against the United States of America.

4. **Release**.  Plaintiff and his guardians, heirs, executors, administrators, or assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.  Plaintiff and his guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators, or assigns against any third party or against the United States, including claims for wrongful death.

5. **Dismissal of Action**.  In consideration of the Settlement Amount and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A.  The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action.  The fully executed Stipulation of Dismissal shall be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiff's attorney of the Settlement Amount.

6. **No Admission of Liability**.  This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of Defendant, the United States of America, its agents, servants, or employees, and it is specifically denied that Defendant is liable to the Plaintiff.  This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.  This Stipulation shall not be used in any manner to establish liability in any other case or proceeding involving Defendant.

7. **Parties Bear Their Own Costs**.  It is also agreed, by and among the parties, that the parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**.  It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, the portion of attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**.  The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning Plaintiff's injuries and the liability of the Defendant for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment**.  Payment will be made by check drawn on the United States Postal Service for eighteen thousand four hundred eighty-nine dollars and twenty-three cents ($18,489.23) and made payable to Alvin Joe Wesley and Law Offices of David Azizi.  The check will be mailed to Plaintiff's attorneys, Law Offices of David Azizi, at the following address: 8383 Wilshire Boulevard, Suite 950, Beverly Hills, CA 90211.  Plaintiff agrees that Plaintiff's attorney is responsible for distributing the settlement proceeds to the Plaintiff.  Plaintiff and his attorney have been informed that payment may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.  Plaintiff and his attorneys will promptly provide the necessary information, including tax identification numbers, to effectuate payment.

1      12. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or
2  Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be
3  solely responsible for paying any such determined liability from any government agency. Nothing in
4  this Agreement constitutes an agreement by the United States of America concerning the
5  characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the
6  United States Code.

7      13. **Construction**. Each party hereby stipulates that it has been represented by and has relied
8  upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the
9  contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands
10 all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this
11 Agreement shall be deemed to have been drafted by all parties to this Agreement and shall not,
12 therefore, be construed against any party for that reason in any subsequent dispute.

13     14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable,
14 the validity, legality, and enforceability of the remaining provision shall not in any way be affected or
15 impaired thereby.

16     15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and
17 it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by
18 the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement.
19 The parties further acknowledge that no warranties or representations have been made on any subject
20 other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise
21 changed in any respect except by writing, duly executed by all of the parties or their authorized
22 representatives.

24 Dated: 01/03/16                    ALVIN JOE WESLEY, Plaintiff

26 Dated: 12/20/16                   DAVID AZIZI
27                                            Law Offices of David Azizi
28                                            Attorney for Plaintiff

1 | Dated: 01/04/17

*(signature)*
MICHELLE LO
Assistant United States Attorney
Attorney for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:    January 6, 2017

*(signature)*
Hon. Maria-Elena James
United States Magistrate Judge

STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER
CASE NO. 15-CV-3618-MEJ

# EXHIBIT A

| | |
|---|---|
| 1 | BRIAN J. STRETCH (CABN 163973) |
|   | United States Attorney |
| 2 | SARA WINSLOW (DCBN 457643) |
|   | Chief, Civil Division |
| 3 | MICHELLE LO (NYBN 4325163) |
|   | Assistant United States Attorney |
| 4 |    450 Golden Gate Avenue, Box 36055 |
|   |    San Francisco, California 94102 |
| 5 |    Telephone: (415) 436-7180 |
|   |    Facsimile:  (415) 436-6748 |
| 6 |    Email:  Michelle.Lo@usdoj.gov |

Attorneys for the United States of America

DAVID AZIZI (CABN 198803)
Law Offices of David Azizi
8383 Wilshire Boulevard, Suite 950
Beverly Hills, CA 90211
Telephone: (310) 284-9600
Facsimile: (888) 400-8944
Email: david@azizipersonalinjury.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALVIN JOE WESLEY, | Case No. 15-cv-3618-MEJ |
| Plaintiff, | |
| v. | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| UNITED STATES OF AMERICA; DARYL A. TRUJILLO; MORGAN E. COSEU; AND DOES 1 to 50, inclusive, | |
| Defendants. | |

STIPULATION OF DISMISSAL WITH PREJUDICE
CASE NO. 15-CV-3618-MEJ

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff, Alvin Joe Wesley, and Defendant, United States of America, hereby stipulate to dismiss with prejudice the above-captioned action, including all claims asserted therein. The parties further stipulate that each party will bear its own costs and attorney's fees.

Dated: _____
ALVIN JOE WESLEY, Plaintiff

Dated: _____
DAVID AZIZI
Law Offices of David Azizi
Attorney for Plaintiff

Dated: _____
MICHELLE LO
Assistant United States Attorney
Attorney for Defendant

STIPULATION OF DISMISSAL WITH PREJUDICE
CASE NO. 15-CV-3618-MEJ

1